# EXHIBIT 4

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

Steven A. Reed
Partner
215.963.5603
sreed@morganlewis.com

August 16, 2013

**VIA E-MAIL**

Christopher M. Wood
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, California 94104

Re:  Subpoena served on Universal Health Services, Inc. ("UHS") on July 30, 2013

Dear Mr. Wood:

This firm represents third-party UHS with respect to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") issued from the United States District Court for the Eastern District of Pennsylvania in connection with the litigation styled *Garden City Employees' Retirement System v. Psychiatric Solutions, Inc.*, Civil Action 09-cv-00882 pending in the United States District Court for the Middle District of Tennessee (the "Underlying Litigation").

Pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, UHS hereby objects and responds to the Subpoena served on or about July 30, 2013, as follows:

**I.   GENERAL OBJECTIONS**

UHS generally objects to the Subpoena on the following grounds ("General Objections"), each of which is expressly incorporated by reference into the Specific Objections to the Subpoena below. All responses set forth herein are subject to and without waiver of these General Objections.

1. UHS objects to the Subpoena to the extent that it exceeds the scope of permissible non-party discovery under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Pennsylvania.


**Morgan Lewis**
COUNSELORS AT LAW

Christopher M. Wood
August 16, 2013
Page 3

9. UHS objects to the Subpoena insofar as it lacks specificity, is not tailored to any claims or defenses of the Underlying Litigation, or is so overbroad and vague as to be unduly burdensome and oppressive.

10. UHS objects to the Subpoena to the extent it seeks documents or information for which the burden or expense of the proposed discovery outweighs any likely benefit in resolving the issues of the Underlying Litigation.

11. UHS objects to the Subpoena because it is overbroad and imposes an undue burden and expense on UHS as a non-party to the extent that it calls for production of "all" documents.

12. UHS objects to the Subpoena to the extent it seeks the production of electronically stored information which is not reasonably accessible because of undue burden or cost.

13. UHS objects to the Subpoena to the extent that it requests UHS to restore and search through electronically stored information without UHS first receiving payment of the costs required to conduct such a search from the requesting party.

14. UHS objects to the Subpoena to the extent it seeks to impose on UHS an obligation to investigate or discover information or materials from third-parties or sources who are equally accessible to the requesting party.

15. UHS objects to the Subpoena as overly broad, unduly burdensome, oppressive, and beyond the proper scope of discovery to the extent it seeks documents and information available from the parties and other non-parties. UHS, a non-party, should not be put to the time and expense to produce such documents and information.

16. UHS objects to the Subpoena to the extent that it seeks to impose a continuing duty upon UHS to produce responsive documents as the Underlying Litigation progresses.

17. UHS objects to the Subpoena to the extent that it seeks production of documents by August 28, 2013, which is an unreasonable time, is oppressive and imposes an undue burden.



Christopher M. Wood
August 16, 2013
Page 5

> focusing on those first, and holding, to some degree, in abeyance those that are more operational efficiencies and margin improvement, et cetera.

including but not limited to:
    (a)    all documents related to PSI's lack of "focus[]" "organiz[ation]" and "discipline[]";
    (b)    all documents related to PSI's "quality, risk management, operational efficiency, capital spend";
    (c)    all documents related to improvements made by UHS to PSI Facilities that affected patient quality, patient safety and risk factors;
    (d)    all documents that related to the prioritization of improvements to PSI Facilities.

### Response to Request No. 1

UHS objects to this request on the grounds that it seeks documents that are not relevant to any party's claims or defenses. Statements made in June 2011, which is more than two years after the end of the class period in the Underlying Litigation, about facilities UHS acquired on November 15, 2010, which is more than a year and half after the end of the class period in the Underlying Litigation, are irrelevant to the claims and defenses in the Underlying Litigation. UHS also objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence concerning the alleged misrepresentations and omissions in connection with the sale of securities that is the subject of the Underlying Litigation. UHS further objects to this request on the grounds that it is overly broad, unduly burdensome, and does not describe the items requested with reasonable particularity. For example, the request seeks all documents related to improvements made after November 15, 2010, more than a year and a half after the end of the class period in the Underlying Litigation, to 94 facilities across the United States. It is unduly burdensome to collect and produce all documents that relate to every single change made at 94 facilities for nearly a four year period. Additionally, UHS objects to this Request to the extent that it is vague and ambiguous, including its use of the phrases "forms the basis of," "improvements made by UHS to PSI Facilities that affected patient quality, patient safety and risk factors" and "prioritization of improvements."

Sincerely,

Steven A. Reed